JON M. SANDS
Federal Public Defender
**JAY A. MARBLE**
Assistant Federal Public Defender
State Bar No. 021202
407 W. Congress, Suite 501
Tucson, AZ 85701-1355
Telephone: (520)879-7500
*jay_marble@fd.org*
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Daniel Pacheco,<br><br>　　　　Defendant. | CR19-01759-TUC-JCH<br><br>**SENTENCING MEMORANDUM**<br><br>**Sentencing: July 2, 2021** |

Defendant, Daniel Pacheco, through counsel, hereby submits this memorandum for his sentencing on July 2, 2021.

RESPECTFULLY SUBMITTED:　　　June 14, 2021.

　　　　　　　　　　　　　　　　　JON M. SANDS
　　　　　　　　　　　　　　　　　Federal Public Defender

　　　　　　　　　　　　　　　　　 *s/Jay A. Marble*　　　　　　
　　　　　　　　　　　　　　　　　JAY A. MARBLE
　　　　　　　　　　　　　　　　　Assistant Federal Public Defender

Copy delivered this date to:

Raquel Arellano
Assistant United States Attorney

Star Shields
United States Probation Officer

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Success on Pretrial Supervision and Release**

Daniel Pacheco has been released on this case since June 6, 2019. Initially, he was released to the supervision of pretrial services. However, because he performed so well, pretrial asked the Court to release him from pretrial supervision and instead have him released on his own recognizance.

During his supervision, Mr. Pacheco has traveled to Mexico several times since his family was living there. Despite not having a pretrial officer, he still respected the Court's orders and obtained permission to travel to Mexico in advance of his travel.

Mr. Pacheco's success on pretrial release is a great indicator that he can succeed on supervision. He has demonstrated that he can live in the community and follow orders. He asks the Court to consider his pretrial release compliance as mitigation in his case.

II. **Family's Circumstances**

Mr. Pacheco and his wife have a son and are expecting another child. When this case began in 2019, Mr. Pacheco's wife and child were living in Mexico. However, Mr. Pacheco filed immigration paperwork for his family, and they are now living in the United States legally.

Mr. Pacheco was born in the United States but spent the majority of his youth in Mexico. He has made the transition to living in the United States, but it has not been easy. He needed to travel to Mexico to see his family and spend time with them, and this

was often difficult for his employment. He has always placed his family first, and he often had to find new employment to allow time to see his family in Mexico. Now that his family is here in the United States, this should not be an issue.

With his family here, they are dependent upon him for income. His wife is due with their second child in August.

### III. Zone C Sentencing Options

Mr. Pacheco's offense places him within Zone C of the sentencing table. He asks the Court to sentence him to a split sentence where he could serve half of his sentence under house arrest or community confinement.

The Sentencing Guidelines permit for a split sentence when the offense conduct falls within Zone C of the sentencing table. U.S.S.G. § 5C1.1(d). The Court may sentence an individual to "a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention….provided that at least one-half of the minimum term is satisfied by imprisonment. U.S.S.G. § 5C1.1(d)(2).

The pre-sentence report found that Mr. Pacheco's offense falls within Zone C of the Sentencing table. PSR ¶ 62. Mr. Pacheco has performed well on pretrial release and on his own recognizance. Limiting his prison sentence with home detention or community confinement while he is on supervised release is justified. Mr. Pacheco will still have to serve one-half of his sentence as required by the guidelines.

**CONCLUSION**

Mr. Pacheco asks the Court for leniency. He is remorseful for his participation in this offense. Mr. Pacheco has been living in the community on pretrial release and release for over two years. He has shown that he is not a risk if on supervision. Mr. Pacheco now has the added responsibility of having his family here in Tucson with him. He has worked hard to bring them here legally, and he wants to maintain his family together after being separated for extended periods of time. Mr. Pacheco's sentence falls within Zone C of the sentencing table. The Court may sentence him to one-half of the minimum sentence and impose home detention or community confinement for the other half of his sentence. He asks the Court to impose this option since he will still be on supervised release and under the Court's authority.

RESPECTFULLY SUBMITTED: June 14, 2021.

JON M. SANDS
Federal Public Defender
 s/ Jay A. Marble
JAY A. MARBLE
Assistant Federal Public Defender

Copy delivered electronically this date to:

Raquel Arellano
Assistant United States Attorney

Star Shields
United States Probation Officer